IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CORNELIUS RODRIQUEZ WRIGHT,      )
                                 )
            Petitioner,          )
                                 )
      v.                         )          CV 125-075
                                 )
JOSHUA JONES, Warden,            )
                                 )
            Respondent.          )

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 11.) Petitioner objects to the Magistrate Judge's conclusion that Ground 4, in which he alleges the state habeas court erred by denying him the ability to reopen and amend his state petition after obtaining counsel, was not cognizable in a federal petition under Carroll v. Sec'y DOC, 574 F.3d 1354, 1365 (11th Cir. 2009). (See id.) Petitioner contends the Magistrate Judge should have considered this ground on the merits because Ground 4 concerns a defect "constitut[ing] a constitutional violation that was presented to the State's highest court." (Id.)

This argument is unavailing. Ground 4 solely alleges error based on the state habeas court's denial of a motion in Petitioner's state post-conviction proceedings. (Doc. no. 1, pp. 6-7.) Thus, it was properly construed as a challenge to the state habeas proceedings, not Petitioner's conviction, and provides no basis for federal habeas corpus relief. Carroll, 574 F.3d at 1365; see also Land v. Sec'y, Dep't of Corr., No. 8:04-CV-2524-T-27TGW, 2008 WL 816707, at *20 (M.D. Fla. Mar. 26, 2008) ("To the extent Petitioner argues the state court's denial of his motion to amend

his post conviction motion has deprived him of due process of law, such a claim does not present an issue that is cognizable on federal habeas review."). Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to **ENTER** final judgment in favor of Respondent.

SO ORDERED this 21st day of April, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2